# UNITED STATES DISTRICT COURT
# DISTRICT OF MASSACHUSETTS

|   |   |   |
|---|---|---|
| RICHARD HALACY and<br>JUNEMARIE HALACY,<br>       Plaintiffs,<br><br>v.<br><br>WELLS FARGO BANK, N.A., and<br>U.S. BANK, N.A. as Trustee,<br>       Defendants. | )<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>) | CIVIL ACTION<br>No. 12-11447-TSH |

## ORDER ON DEFENDANTS WELLS FARGO BANK, N.A. AND U.S. BANK N.A., AS TRUSTEE'S SECOND MOTION TO DISMISS PURSUANT TO FED.R.Civ.P 12(B)(6)
### November 21, 2013

**HILLMAN, D.J.**

### Background

Plaintiffs, Richard and Junemarie Halacy (the "Halacys") have filed an Amended Complaint (Docket No. 7) against Defendants, Wells Fargo Bank, N.A. ("Wells Fargo") and U.S. Bank N.A. as Trustee ("U.S. Bank") asserting claims for Wrongful Foreclosure (Count I) and violation of the Massachusetts Consumer Protection Act, Mass.Gen.L. ch. 93A ("Chapter 93A")(Count III). The Plaintiffs also seek a declaratory judgment that the foreclosure of their home was conducted in violation of Mass.Gen.L., ch. 244 §14 (Count II).

The crux of the Halacys' claim is that their mortgage was assigned into a real estate mortgage conduit ("REMIC") trust in violation of the terms of the trust's "pooling service agreement" ("PSA") and therefore, U.S. Bank (acting as a trustee) did not have the authority to accept the assignment of the mortgage and lacked power to foreclose on their home.

**Facts**

The following facts, which are summarized from the Amended Complaint, are stated in the light most favorable to the Plaintiff.

In 1990, the Halacys purchased property located at 87 Northwest Main Street Douglas, Massachusetts (the "Property"). In September 2005, the Halacys refinanced the Property for $270,000 and executed a mortgage in favor of the lender, WMC Mortgage Corporation ("WMC"). "MERS"[1], was named as nominee and mortgagee under the mortgage.

On May 12, 2010, MERS, as nominee for WMC, assigned the mortgage to America's Servicing Company ("ASC"). On May 25, 2010, less than two weeks later, ASC assigned the mortgage to U.S. Bank, as trustee of securitized loans. The trust into which the mortgage was transferred is created and governed by the PSA and is a REMIC trust. The PSA provides that the closing date of the trust was January 31, 2006. The PSA further provides that:

> None of the Depositor, the Servicer, the Trust Administrator or the Trustee shall sell, dispose of or substitute for any of the Mortgage Loans . . . nor accept any contributions to any Trust REMIC after the Closing Date . . . unless it has received an Opinion of Counsel, addressed to the Trustee and the Trust Administrator . . . that such [contribution] will not (a) affect adversely the status of any Trust REMIC as a REMIC or (b) cause any Trust REMIC to be subject to a tax on "prohibited transactions" or "contributions" pursuant to the REMIC Provisions.

The Halacys' mortgage was transferred into the trust more than four years after it "closed."

The Halacys were temporarily unemployed in 2010 and fell behind on their mortgage payments. As of the date that they filed their Amended Complaint, the Halacys are both employed and feel they can afford reasonable mortgage payments. For two years, the Halacys

---

[1] "MERS" refers to the Mortgage Electronic Registration Systems, Inc.; it is a subsidiary of MERSCORP, Inc. *See Culhane v. Aurora Loan Services Of Nebraska*, 708 F.3d 282, 286 n. 2 (1st Cir. 2013).

have unsuccessfully attempted to obtain a loan modification from Wells Fargo, the servicer and administrator of their account.  As the account servicer, Wells Fargo conducts collections and loan-modification activity on behalf of its principal, U.S. Bank.  Wells Fargo has repeatedly solicited the Halacys for a loan modification, but the Halacys' applications for relief were denied.   On April 25, 2012, the Property was sold at a foreclosure auction to U.S. Bank.

## Standard of Review

In a motion to dismiss under Fed.R.Civ.P.  12(b)(6), the Court "must assume the truth of all well-plead[ed] facts and give the plaintiff the benefit of all reasonable inferences therefrom." *Ruiz v. Bally Total Fitness Holding Corp.,* 496 F.3d 1, 5 (1st Cir.2007) (citing *Rogan v. Menino,* 175 F.3d 75, 77 (1st Cir. 1999)). In deciding a motion to dismiss, the Court may consider materials attached to or incorporated by reference in the complaint, or that are a part of the pleading itself. *Trans–Spec Truck Serv. v. Caterpillar,* 524 F.3d 315, 321 (1st Cir. 2008). To survive a motion to dismiss, the plaintiff must state a claim that is plausible on its face. *Bell Atl. Corp. v. Twombly,* 550 U.S. 544, 570, 127 S.Ct. 1955 (2007). That is, "[f]actual allegations must be enough to raise a right to relief above the speculative level, ... on the assumption that all the allegations in the complaint are true (even if doubtful in fact)." *Id.* at 555 (citations omitted). However, the Court need not consider "bald assertions [or] unsupportable conclusions." *Doyle v. Hasbro, Inc.,* 103 F.3d 186, 190 (1st Cir. 1996).[2]  "The plausibility standard is not akin to a 'probability requirement,' but it asks for more than a sheer possibility that a defendant has acted unlawfully." *Ashcroft v. Iqbal,* 556 U.S. 662, 129 S.Ct. 1937, 1949 (2009) (quoting *Twombly,* 550 U.S. at 556, 129 S.Ct. 1937).  Dismissal is appropriate if plaintiff's well-pleaded facts do not

---

[2] The Plaintiffs' Amended Complaint is replete with unsupported legal conclusions/argument which the Court has excluded from its summation of the facts.

"possess enough heft to show that plaintiff is entitled to relief." *Ruiz Rivera v. Pfizer Pharms., LLC,* 521 F.3d 76, 84 (1st Cir. 2008) (quotations and original alterations omitted).

### Discussion

The Defendants assert that in light of the First Circuit's recent decisions in *Juárez v. Select Portfolio Servicing, Inc.,* 708 F.3d 269 (1st Cir. 2013) and *Culhane v. Aurora Loan Servs. of Neb.*, 708 F.3d 282 (1st Cir. 2013) that mortgagor may only challenge an assignment that is "invalid, ineffective or void," Plaintiffs lack standing to bring their claims and therefore, their Amended Complaint must be dismissed. In support of their position, Defendants argue the transfer of a mortgage into a REMIC trust in violation of the PSA merely renders the assignment voidable. The Plaintiffs, on the other hand, argue that they have standing to assert their claims because under New York law[3], the transfer of their mortgage into the trust contravened its terms and therefore, was void.[4]

#### *Do Plaintiffs Have Standing: The Applicable Legal Standard*

Due to constitutional limitations, a claimant in federal court must satisfy the "actual cases and controversies" or "standing" requirement. *See Culhane*, 708 F.3d at 289. To demonstrate standing, a claimant "must establish . . . injury, causation, and redressability." *See id.*, at 289 (quoting *Katz v. Pershing, L.L.C.*, 672 F.3d 64, 71 (1st Cir. 2012)). Additionally, "prudential considerations ordinarily require a plaintiff to show that his claim is premised on his own legal rights (as opposed to those of a third party) . . . ." *Id.*, at 290 (quoting *Pagán v. Calderón*, 448

---

[3] The choice of law provision in the PSA provides that New York Law applies. The Halacys cite to the following statutory provision in support of their argument that the purported assignment of the mortgage to U.S. Bank is void: "If the trust is expressed in the instrument creating the estate of the trustee, every sale conveyance or other act of the trustee in contravention of the trust, except as authorized by this article and by any other provision of law, is void." N.Y. Est. Powers & Trusts Law § 7-2.4 (McKinney 2002).

[4] As noted above, the Halacys argue that U.S. Bank violated the terms of the PSA when it accepted the assignment because the PSA prohibited incoming assets after the closing date— were the transaction found to be "non-PSA-compliant," it could jeopardize the trust's favorable tax status under Internal Revenue Service regulations.

F.3d 16, 27 (1ˢᵗ Cir. 2006)) (internal quotation marks omitted). Typically, in contractual or transactional litigation, only "parties" to those contracts or transactions have standing to bring a lawsuit. *See id.*, at 290.

Under limited circumstances, such as when a mortgage assignment is "invalid, ineffective or void," a mortgagor has standing to challenge an assignment, even though he was not a party to, or beneficiary of, the assignment. *See id.*, at 291.  For example, a mortgagor has standing to challenge a mortgage assignment when there is an actual dispute about a purported mortgagee's legal status, *i.e.*, did "A" ever, in fact, assign this mortgage to "B"? *See id.*, at 290–91.  However, "mortgagors do not have standing to challenge shortcomings in an assignment that render it merely voidable . . . but otherwise effective to pass legal title." *Id.*  "Thus, claims that merely assert  procedural infirmities in the assignment of a mortgage, such as failure to abide by the terms of a governing trust agreement, are barred for lack of standing.  In contrast, standing exists for challenges that contend that the assigning party never possessed legal title and, as a result, no valid transferable interest ever exchanged hands." *Woods v. Wells Fargo Bank, N.A.*, 733 F.3d 349, 2013 WL 5543637, No. 12-1942, *3 (1ˢᵗ Cir. Oct. 9, 2013)(internal citations omitted).

<u>*Whether the Plaintiffs Have Standing to Challenge The Assignment*</u>

The First Circuit has recently noted that while a mortgagor has standing—in limited circumstances—to challenge an assignment of his mortgage, he cannot invoke the terms of PSA to challenge an otherwise valid assignment. *See Woods*,  733 F.3d  at  --, 2013 WL 5543637 at *3 n. 4 (plaintiff would not have standing to claim that assignments were in violation of trust's PSA since such violation would render the assignment only voidable).  The Plaintiffs argue that while this may be the general rule in Massachusetts, under New York law, transfer of the mortgage into the PSA in violation of its terms, in this case, after the closing date, renders the

5

assignment void, not merely voidable. In support of their argument, Plaintiffs cite *Wells Fargo Bank, N.A. v. Erobobo*, 39 Misc.3d 1220(A), 972 N.Y.S.2d 147 (N.Y.Sup. 2013), in which the court found that the transfer of the assignment of a mortgage into a REMIC trust in violation of the terms of the PSA (because it was made eighteen months after the trust "closed" and was not assigned in by the depositor) rendered the assignment void under New York law. *See id.* at **8-9. However, *Erobobo* has been criticized and multiple federal courts, including in this District, have held that under New York law, an assignment of a mortgage into a trust in violation of the terms of the PSA is voidable, not void.[5] *See Koufos v. U.S. Bank N.A.*, 939 F.Supp.2d 40, 49 n. 5, 56 n. 2 (D.Mass. 2013) ("non-PSA-compliant" transaction is typically "voidable," rather than "void" under New York law); *Sigaran v. U.S. Bank Nat'l Ass'n*, 2013 WL 2368336, at *3 (S.D. Tex. May 29, 2013)(same); *Svoboda v. Bank of Am., N.A.*, 2013 WL 4017904, Cv.NO. SA-12-CV-00484-DAE at *6 (W.D.Tex. Aug. 6, 2013)(same); *see also Bank of Am. Nat'l Ass'n v. Bassman FBT, LLC*, 981 N.E.2d 1, 9 ("[N]umerous cases, including several that specifically reference section 7-2.4, indicate that under various circumstances a trustee's *ultra vires* acts are not void") and cases cited therein.

In summary, the Halacys do not assert that the assignor (MERS) did not have a right to assign the mortgage to ASC or did not have the authority to make the assignment, situations which the *Culhane* Court indicated would render the assignment void. *See Culhane* 708 F.3d at 291 ("[V]oid (if, say, the assignor had nothing to assign or had no authority to make an assignment to a particular assignee).") Instead, the only challenge raised by the Halacys is their contention that the assignment of their mortgage into the trust violated the terms of the PSA.

---

[5] In *Rajamin v. Deutsche Bank National Trust Co*, 2013 WL 1285160, No. 10 Civ. 7531(LTS) (Mar. 28, 2013), Judge Swain held, based on the "weight of caselaw throughout the country," that a non-party to a PSA does not have standing to challenge the defendant bank's ownership of the notes and deeds of trust. While Judge Swain's holding is persuasive, the Court will note that she did not discuss section 7-2.4 or the *Erobobo* court's holding.

However, for the reasons stated above, even assuming that the transfer of the Halacys' mortgage into the trust was done in violation of the PSA, such violation would not invalidate the assignment. Consequently, the Halacys do not have standing to challenge the foreclosure on this basis.

## Conclusion

For the reasons stated above, the Defendants Wells Fargo Bank, N.A. and U.S. Bank N.A., as Trustee's Second Motion to Dismiss Pursuant to Fed.R.Civ. P 12(b)(6)(Docket No. 14) is ***granted***.[6]

/s/ Timothy S. Hillman
TIMOTHY S. HILLMAN
DISTRICT JUDGE

---

[6] It is apparent from both parties' submissions that they acknowledge that Counts II and III of the Amended Complaint are derivative of Count I. Since the Court has found that Plaintiffs do not have standing to assert Count I, Counts II and III must necessarily be dismissed.